UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, ) | 1:05-CV-00955 AWI LJO HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| ) | |
| CALIFORNIA BOARD OF PRISON ) | [Doc. #16] |
| TERMS, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections at the California Substance Abuse and Treatment Facility located in Corcoran, California. Petitioner is challenging decisions of the parole board in 2000 and 2002 denying parole.[2] See Exhibit 1 at

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

[2] In a separate federal habeas petition, Petitioner challenges a 2004 decision by the parole board. See Thomas v. California Board of Prison Term Commissioners, Case No. 06-CV-00588 OWW DLB HC.

1  Exhibits A-H, Respondent's Motion to Dismiss (hereinafter "Motion").

2  　　　　With respect to the 2002 decision, Petitioner appealed to the Board of Prison Terms
3  (hereinafter "Board"). See Exhibit 1 at Exhibit G, Motion. On January 14, 2003, the Board denied
4  the appeal. See Exhibit 1 at Exhibit H, Motion.

5  　　　　On August 18, 2004, Petitioner filed a petition for writ of habeas corpus in the California
6  Supreme Court. See Exhibit 2, Motion. The petition was denied on June 29, 2005. See Exhibit 8,
7  Motion. Thereafter, Petitioner filed petitions for writ of habeas corpus in the Fresno County Superior
8  Court, California Court of Appeals and California Supreme Court; however, those petitions
9  challenged the 2004 parole board decision. See Exhibits 3-7, 9, Motion.

10 　　　　On July 26, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court.
11 On November 7, 2006, Respondent filed a motion to dismiss the petition as untimely under 28
12 U.S.C. § 2244(d)(1) and for failure to raise cognizable federal claims. Petitioner filed an opposition
13 on November 22, 2006.

14 　　　　　　　　　　　　　　　　　**DISCUSSION**

15 A.  Procedural Grounds for Motion to Dismiss

16 　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
18 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

19 　　　　The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
20 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
21 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
22 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
23 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
24 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
25 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
26 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

27 　　　　In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
28 one-year limitations period and for failure to present cognizable claims.  Therefore, the Court will

review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 26, 2005, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Shelby v. Barlett, 391 F.3d 1061, 1066 (9th Cir.2004) (holding that the Board of Prison Term's denial of an inmate's administrative

1 appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the
2 limitations period); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (same). Therefore, the
3 limitations period commenced on January 15, 2003, the day after Petitioner's appeal of the Board's
4 2002 decision was denied. See Exhibit 1 at Exhibit G, Motion. Under Section 2244(d)(1)(D),
5 Petitioner had one year until January 15, 2004, absent applicable tolling, in which to file his federal
6 petition for writ of habeas corpus.  Petitioner did not file his federal petition until July 26, 2005, over
7 18 months after the limitations period had expired.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
10 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
11 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
12 Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is
13 properly pursuing post-conviction relief, and the period is tolled during the intervals between one
14 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
15 state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006
16 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

17    As stated above, Petitioner filed a petition for writ of habeas corpus in the California
18 Supreme Court on August 18, 2004.  However, the statute of limitations had already expired seven
19 months before on January 15, 2004. Therefore, he is not entitled to statutory tolling for the time his
20 collateral challenges were pending because the limitations period had already expired. Green v.
21 White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations
22 period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000). Therefore, the
23 petition remains untimely.

24    Petitioner argues the limitations period should not commence until after his 2004 decision
25 became final. Petitioner's argument is not persuasive. Petitioner is not challenging his 2004 decision
26 in this petition. To the extent that he is, his challenge is duplicative of a second habeas action that is
27 currently pending which specifically challenges the 2004 decision. See Thomas v. California Board
28 of Prison Term Commissioners, Case No. 06-CV-00588 OWW DLB HC. The key date in this case is

1  January 14, 2003, which is the date his appeal of the 2002 decision (and arguably the 2000 decision)
2  became final. Because the instant petition is time-barred, it is not necessary to address the other
3  grounds raised by Respondent for dismissal.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 21, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE