UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSH THOMAS, | ) | 1:05-CV-00955 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #19] |
| v. | ) | |
| | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS AND DISMISSING |
| | ) | PETITION FOR WRIT OF HABEAS |
| CALIFORNIA BOARD OF PRISON | ) | CORPUS |
| TERMS, et al., | ) | [Doc. #16] |
| | ) | |
| Respondents. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 21, 2006, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss for violating the limitations period be GRANTED and the petition be DISMISSED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within ten (10) days of the date of service of the order.

On January 5, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Petitioner argues he did not violate the statute of limitations because he is not challenging the 2000, 2002, or 2004 parole board decisions. He now claims he is challenging a 2003 decision. Petitioner's arguments are meritless. To begin with, this is the first mention by Petitioner of a 2003 parole board hearing. He failed to state any date whatsoever in his petition. When Respondent filed a motion to dismiss, Respondent addressed the relevant decisions in 2000, 2002, and 2004. Petitioner responded to the motion to dismiss by addressing those decisions. Nowhere did he mention or challenge a 2003 decision. A new theory cannot properly be raised in objections to Findings and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992). Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.

Moreover, the 2003 decision Petitioner now references has nothing to do with the claims Petitioner raised in his petition. The 2003 "decision" he references was merely a hearing granting Petitioner's request for postponement of his parole consideration hearing. See Exhibit Q, Petitioner's Objections. It is clear Petitioner is attempting to beguile the Court by switching dates as he sees fit in order to avoid the statute of limitations.

E. D. California       cd                              2

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued December 21, 2006, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss is GRANTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:  March 13, 2007**  	/s/ Anthony W. Ishii
0m8i78                        	UNITED STATES DISTRICT JUDGE